IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE HARRIS, Petitioner, | ) ) ) | |
| v. | ) ) ) | Criminal No. 03-72 |
| UNITED STATES OF AMERICA, Respondent. | ) ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court are two motions to modify sentence filed by defendant Michelle Harris ("Harris" or "defendant"). Defendant filed on January 14, 2008 a motion for modification or reduction of sentence based upon an intervening post-sentence change in the United States Sentencing Guidelines ("motion for modification or reduction of sentence") (Docket Nos. 898, 910), and filed on October 23, 2008 a motion to modify sentence imposed based on extraordinary rehabilitation ("motion to modify sentence based upon rehabilitation") (Docket No. 916). Upon reviewing defendant's motions, the government's opposition to defendant's motion for modification or reduction of sentence (Docket No. 899), and the government's opposition to defendant's motion to modify sentence based upon rehabilitation (Docket No. 917), the court will DENY defendant's motions for the reasons set forth herein.

*Background*

In accordance with a written plea agreement, on May 5, 2005, defendant entered a plea of guilty before this court to Count One of the superseding indictment at criminal action number 03-72. (Docket Nos. 460, 461.) Count One charged defendant with conspiracy to distribute and

with possession with intent to distribute 100 grams or more of heroin from November 20, 2002 to February 8, 2003, in violation of 21 U.S.C. § 846. As a consequence of several prior convictions, defendant was determined to be a "career offender" under section 4B1.1 of the United States Sentencing Guidelines (the "Guidelines" or "Sentencing Guidelines").[1] By reason of defendant's career offender status, the applicable sentencing guideline range for her case was from 188 to 235 months imprisonment as reflected in the court's tentative findings on June 28, 2006. (Docket No. 711.)

On September 6, 2008, the United States filed a motion pursuant to section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), motioning the court on defendant's behalf for the imposition of a sentence below the statutory minimum.[2] (Docket No. 769.) That motion was granted by the court on September 7, 2006 and petitioner was sentenced to a term of imprisonment of 72 months. (Docket Nos. 776, 777.)

On or about January 14, 2008, the clerk of court received and filed defendant's motion for modification or reduction of sentence based upon an intervening change in the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). (Docket Nos. 898, 910.) In her motion, defendant raises two amendments to the Sentencing Guidelines that she claims warrant a reduction in her sentence: (1) "Amendment 9," which reduces the base offense level by two for

---

[1] Section 4B1.1 in effect at the time of sentencing, entitled "Career Offender," provided: "(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction: (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2005).
[2] 18 U.S.C. § 3553(e) provides: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

2

crack cocaine offenses, and (2) "Amendment 12," which addresses the criminal history score calculation.

On or about October 23, 2008, the clerk of court received and filed defendant's motion to modify sentence imposed based on extraordinary rehabilitation. (Docket No. 916). Defendant argues that the court has discretion to grant a downward departure, post-sentencing, when defendant presents evidence of extraordinary rehabilitation.

*Standard of Review*

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the United States Sentencing Guidelines that has been subsequently lowered, then the court may reduce the defendant's term of imprisonment, provided the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found at section 1B1.10 of the Sentencing Guidelines. It states that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in section 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2007). If the sentencing range is not reduced by a listed amendment, then, under section 3582, the defendant is not eligible for a reduction in sentence. Even if eligible for a reduction, section 3582(c)(2) does not provide for a "full de novo resentencing." United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). The amended sentencing guideline provision is

3

substituted for the corresponding provision, and all other guideline application decisions are not altered. Id.

*Discussion*

**I. Sentencing Guidelines Amendments**

Defendant contends that, based upon "Amendment 9" and "Amendment 12" to the United States Sentencing Guidelines, she is entitled to a reduction in her term of imprisonment, and the court has jurisdictional authority to reopen sentencing under section 3582(c)(2).

**1. "Amendment 9"**

In her motion, defendant states "Amendment 9" is designed "to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparities between powder cocaine and crack." Defendant also states "Amendment 9" will effectively reduce Petitioner's/Defendant's sentence by two (2) Offense Levels . . . ." Based upon defendant's description of "Amendment 9," the court assumes she is referring to amendment 706.[3]

On November 1, 2007, amendment 706 to the United States Sentencing Guidelines became effective. The amendment only applies to drug offenses that involve amounts of cocaine, and it addresses the disparity in sentences between defendants who possess different forms of the drug. Prior to the amendment, the Guidelines provided for a 100-to-1 ratio for sentences

---

[3] Amendment 706 is premised on the United States Sentencing Commission's conclusion that "the 100-to-1 ratio overstate[s] the relative harmfulness of crack, and the seriousness of most [crack] offenses." United States v. Brewer, 520 F.3d 367 (4th Cir. 2008) (internal quotations omitted). Amendment 706 was originally presented as "Amendment 9" to Congress. See United States v. Anderson, No. 3:04cr00030-2, 2008 WL 4790355, at *1 n.1 (W.D. Va. Oct. 31, 2008).

4

involving crack cocaine in comparison to those involving cocaine powder. For instance, the Guidelines assigned defendants the same base offense level for a crime involving 150 kilograms or more of powder cocaine and for a crime involving only 1.5 kilograms or more of crack cocaine. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2006). Amendment 706 was designed to alter the 100-to-1 ratio. After the amendment, 4.5 kilograms of crack cocaine is now treated as the equivalent of 150 kilograms of cocaine powder. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2007). The overall effect of the amendment is to reduce by two levels the base offense level of a defendant sentenced under section 2D1.1 for a crack cocaine offense. United States v. Rivera, 535 F. Supp.2d 527, 528-29 (E.D. Pa. 2008).

Amendment 706 does not provide the court with a basis upon which it could reduce petitioner's sentence. Defendant was charged with and pled guilty to a heroin offense, not a crack cocaine offense, and amendment 706 only applies to crack cocaine offenses. The changes to section 2D1.1 of the Sentencing Guidelines would not have resulted in a different applicable sentencing range for defendant, even if those changes were effective at the time of her sentencing. Section 3582 only permits a sentence reduction when an amendment to the Sentencing Guidelines would lower the applicable sentencing range.

**2. "Amendment 12"**

Defendant argues that "Amendment 12" alters chapter 4 of the United States Sentencing Guidelines, which pertains to the determination and application of criminal history categories and career offender status. Defendant asserts that the amendment "addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." Based

5

upon defendant's description of "Amendment 12," the court assumes she is referring to amendment 709.[4]

Only those Sentencing Guidelines' amendments listed in section 1B1.10(c) apply retroactively, and amendment 709 is not listed in that section. A post-judgment modification of defendant's sentence on the basis of amendment 709 is not consistent with the policy statement contained in section 1B1.10 of the Guidelines, and her sentence cannot be reduced under 18 U.S.C. § 3582 if doing so is inconsistent with a policy statement. United States v. Archer, 282 F. App'x 164, 169 (3d Cir. 2008).

## II. Extraordinary Rehabilitation

Defendant argues that the court may grant a reduction in a sentence previously imposed when a defendant demonstrates extraordinary rehabilitation. Defendant's achievements after the imposition of her sentence are praiseworthy. The government correctly explains, however, that there is no basis upon which the court can modify defendant's sentence because of rehabilitation under the circumstances.

The only statutory authority identified by defendant in support of her claim is 18 U.S.C. § 3553. That section, however, does not provide a basis to modify a sentence already imposed. See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that special factors under 18 U.S.C. § 3553 that can be considered at sentencing cannot be utilized to modify a sentence after it has become final); United States v. Myles, No. 6:99-cr-46-1, 2008 WL 2952362,

---

[4] The "Reason for Amendment" that accompanies amendment 709 provides: "This amendment addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S. SENTENCING GUIDELINES MANUAL app. C (2007), Amendment 709, Reason for Amendment. Defendant's description of "Amendment 12" is identical to the description of amendment 709.

at *2 (D.S.C. July 28, 2008); United States v. Andrews, No. 1-01-CR-93, 2008 WL 1994862, at *2 (N.D. Ind. May 6, 2008). Defendant also cites several decisions that she believes support her argument that post-conviction rehabilitation efforts warrant a reduction, but the decisions do not advance her contention. At resentencing, a court may consider a defendant's extraordinary post-sentencing rehabilitation efforts as a basis for a downward departure. United States v. Green, 152 F.3d 1202 (9th Cir. 1998). The extraordinary rehabilitation, however, is not a basis for resentencing. Since defendant is not entitled to be resentenced, the decisions cited are not applicable to the present motion. Defendant additionally cites a number of decisions that hold childhood physical and psychological abuse may justify a downward departure at sentencing. The decisions do not support the proposition that those circumstances permit the court to modify or reduce a sentence that has previously been imposed.

Although defendant fails to cite other statutory authority for her claim, "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Miller, 197 F.3d 644, 647-48 (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)). Here, even if defendant's claim is construed liberally, she is not entitled to relief. Neither Rule 35 of the Federal Rules of Criminal Procedure nor 18 U.S.C. § 3582 permit defendant to be resentenced in this situation. Rule 35(a) strictly prohibits a court from modifying a defendant's sentence after seven days. It is now well beyond the seven-day time period in which the court could have modified Harris' sentence pursuant to Rule 35(a). Rule 35(b) provides the court the limited ability to modify a previously-imposed sentence upon a motion by the government, if the defendant substantially assisted the

government in investigating or prosecuting another person. The government already filed a motion under section 5K1.1 of the Guidelines and did not file a motion under Rule 35(b) in this case. A motion for modification of a sentence already imposed is typically sought under 18 U.S.C. § 3582(c), which permits a sentencing court to modify a term of imprisonment upon motion of the Director of the Bureau of Prisons, to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, or in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Not one of the three enumerated circumstances in 18 U.S.C. § 3582(c) exist in this situation. See Guerrero v. United States, 151 F. Supp. 2d 446, 449 (S.D.N.Y. 2001) (holding that extraordinary rehabilitation is not a basis for relief under 18 U.S.C. § 3582(c)); see also United States v. Zhang, No. 00 CIV. 2384, 2000 WL 1459835, at *3 (S.D.N.Y. Sept. 29, 2000). Defendant failed to satisfy the requirements of either Rule 35 or 18 U.S.C. § 3582(c) for resentencing or post-sentence modification.[5] Under the circumstances, there is no basis upon which the court can reduce defendant's sentence and the motion shall be denied.

### *Conclusion*

AND NOW, this 9th day of February, 2009, upon consideration of defendant's motion for modification or reduction of sentence based upon an intervening post-sentence change in the United States Sentencing Guidelines (Docket Nos. 898, 910), defendant's motion to modify

---

[5] Defendant's request that this court modify her sentence because of post-sentencing rehabilitation is not cognizable under 28 U.S.C. § 2255. See United States v. Lloyd, 484 F. Supp. 2d 1232, 1240 (S.D. Ala. 2006); United States v. Dugan, 57 F. Supp. 2d 1207, 1209-10 (D. Kan. 1999). For that reason, the court will not address the motion as a petition under 28 U.S.C. § 2255.

sentence imposed based on extraordinary rehabilitation (Docket No. 916), and the government's oppositions (Docket Nos. 899, 917), IT IS HEREBY ORDERED that defendant's motions are DENIED.

                                                                                 By the court:

                                                                                 /s/ Joy Flowers Conti
                                                                                Joy Flowers Conti
                                                                                 United States District Judge

cc:     Counsel of Record

           Michelle Harris
           USM # 07687-068
           Federal Medical Center, Carswell
           P.O. Box 27137
           Ft. Worth, TX 76127